JOURNAL ENTRY AND OPINION
Defendant-appellant, Clifford Miller, appeals the decision of the Cuyahoga County Common Pleas Court that found him to be a sexual predator and therefore subject to the registration requirements of R.C. Chapter 2950 upon his release from prison. For the reasons that follow, we vacate that decision.
In March 1975, appellant was indicted by the Cuyahoga County Grand Jury for one count each of aggravated burglary, aggravated robbery, aggravated murder and rape. Appellant eventually pleaded guilty to one count each of aggravated burglary and aggravated murder while the rape charge and the other remaining charges were dismissed. He was subsequently sentenced to consecutive terms of seven to twenty-five years and life, respectively, and remains presently incarcerated for these offenses.
In March 2000, the state requested that a sexual offender classification hearing be scheduled based on its belief that, after an April 2000 parole hearing, appellant could be eligible for parole in June 2000. The classification hearing was conducted on April 5, 2000, wherein the state presented several documents from the Ohio Department of Rehabilitation and Correction (ODRC) regarding appellant's incarceration record. One document included in this packet was a letter from a correctional program specialist dated March 23, 2000, which provided, in relevant part:
 Inmate Miller was sentence [sic] in Cuyahoga and Summit County to Life for an Aggravated Murder charge to be served consecutive with Aggravated Burglary, concurrent with Attempted Rape and Rape (2) consecutively. This is Inmate Miller's second incarceration for Rape.
* * *
 Inmate Miller last saw the Parole Board April 18, 1995 and was continued to 6/2000.
Also included in this document packet was a post-sentence investigation report. This document, prepared in March 1995, listed appellant's prior arrest record, which included not only the offenses referenced above but also included arrests for unarmed robbery, auto stealing, attempted rape and rape. The report merely mentions that appellant was sentenced and released on the unarmed robbery/auto stealing offenses and that he was sentenced on the attempted rape/rape offenses. The state also offered the police reports and/or statements of several women who reportedly implicated appellant as committing sexually-related offenses against them. None of these documents, however, support that appellant was convicted of these offenses, although the March 23, 2000 ODRC letter and the post-sentence investigation report appears to have referenced some of these offenses as offenses for which appellant is presently serving a term of imprisonment.
In response, appellant's attorney offered documentation that appellant had completed several sexual offender educational programs and has had essentially no disciplinary infractions while incarcerated. No witnesses testified on behalf of either party nor was any other evidence presented.
In classifying appellant as a sexual predator, the trial court stated:
 Upon consideration of the factors set forth in 2950.09(B)(2), and I incorporate my comments by reference and detail and the evidence presented herein, the Court finds by clear and convincing evidence that the defendant is likely to engage in the future in one or more sexually-oriented offenses.
The trial court specifically references the March 23, 2000 letter from the correctional program specialist as evidence of the appellant's criminal history. The transcript of the proceedings, however, appears to support that the trial court relied on other documents provided in the ODRC packet as evidence that (1) multiple victims were involved; (2) the nature of appellant's sexual conduct demonstrated a pattern of abuse; and (3) appellant displayed or threatened cruelty during the commission of these offenses. According to the trial court, appellant's participation in several sexual offender education programs, while considered, was insufficient to support that appellant was cured of his sexual predilections.
Appellant now appeals and assigns four errors for our review.
 I.
Appellant's second assignment of error is dispositive of this appeal and, as such, we will address it out of turn. Succinctly, appellant argues that there was insufficient evidence to find that he is likely to engage in sexually oriented offenses in the future and, it was, therefore, error for the trial court to classify him as such. We agree.
A sexual predator is defined as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E). Before declaring an offender a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(3).
 [C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
State v. Eppinger (2001), 91 Ohio St.3d 158, 164, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71,74, citing Ford v. Osborne (1887), 45 Ohio St. 1, paragraph two of the syllabus.
In making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to the factors listed in R.C. 2950.09(B)(2). These factors include:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Of these factors, the trial court considered and found (b), (d), (h) and (i) relevant. To reiterate, the trial court relied on the March 23, 2000 letter from an ODRC correctional program specialist as evidence of appellant's prior convictions for sexually oriented offenses not only in this county but in Summit County, thereby ostensibly supporting by implication that multiple victims were involved. Continuing, the court then went on to state that appellant engaged in manipulative behavior, demonstrated a pattern of abuse and exhibited cruelty or threats of cruelty. This information, however, could not have been gleaned from the correctional program specialist's letter. The level of detail used by the court to support this finding is only contained in the police statements, which the court specifically stated it would not rely upon because they do not support that appellant was convicted of those offenses.
We are mindful that the Rules of Evidence do not strictly apply to sexual offender classification hearings and that reliable hearsay, such as a presentence investigation report, may be relied upon by the trial court. State v. Cook (1998), 83 Ohio St.3d 404, 424. Post-sentence investigation reports likewise have been found to be a reliable form of hearsay as have other forms of documentation. See State v. Smith (Dec. 29, 2000), Crawford App. No. 3-2000-20, unreported, 2000 Ohio App. Lexis 6233 (post-sentence report); State v. Davis (Aug. 10, 2000), Franklin App. No. 00AP-12, unreported, 2000 Ohio App. Lexis 3572 (post-sentence report); State v. Bair (May 23, 2000), Seneca App. No. 13-2000-01, unreported, 2000 Ohio App. Lexis 2184 (post-sentence report); State v. Lewis (May 9, 2000), Franklin App. No. 99AP-752, unreported, 2000 Ohio App. Lexis 1949 (indictment and plea). By analogy, a letter from an ODRC correctional program specialist could be relied upon as could a post-sentence investigation report, if those documents could be considered reliable.
Even if we were to find these documents reliable and therefore supportive of appellant's prior criminal record not only for sexually oriented offenses but other offenses as well, we are not convinced that such evidence necessarily implies that he is likely to commit a sexually oriented offense in the future. This court has repeatedly held that evidence of an offender's criminal record, standing alone, is insufficient to support classification as a sexual predator. See State v. Ward (1999), 130 Ohio App.3d 551, 561-562; State v. Grimes (Apr. 12, 2001), Cuyahoga App. No. 78496, unreported, 2001 Ohio App. Lexis 1707; State v. Krueger (Dec. 19, 2000), Cuyahoga App. No. 76624, unreported, 2000 Ohio App. Lexis 6022; State v. Wilson (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported, 2000 Ohio App. Lexis 4996; State v. Hull (June 29, 2000), Cuyahoga App. No. 76460, unreported, 2000 Ohio App. Lexis 2905; State v. Gregory (Sept. 30, 1999), Cuyahoga App. No. 74859, unreported, 1999 Ohio App. Lexis 4670; State v. Johnson (Sept. 30, 1999), Cuyahoga App. No. 74841, unreported, 1999 Ohio App. Lexis 4678.
The court did find that appellant had taken several sexual offender programs while incarcerated, stating, in relevant part:
 So the defendant has taken some courses, and has tried to address this issue, but we don't have any indication in the and there's a plethora of certificates and whatnot that the defendant has represented to any psychiatrist, psychologist or other person working with them, enough of an improvement that they were willing and able to present to this Court evidence that not that the defendant has the burden of proof, but I don't see anything in this packet, is what I'm trying to state, that he's now, quote, unquote, cured, and it would be safe to release him into the community, but I will take into consideration the fact that he indeed is at least making some attempts, and attending these courses.
While the trial court found nothing in the ODRC packet that supports that appellant has been cured, there likewise was no evidence presented to support that he is likely to commit a sexually oriented offense if and when he is released.
The court did give considerable weight to the nature of the underlying offense, which may be sufficient, under certain circumstances, in finding that an offender may offend again in the future. See State v. Ward,130 Ohio App.3d at 558; see, also, State v. Ingle (Feb. 22, 2001), Cuyahoga App. No. 77957, unreported, 2001 Ohio App. Lexis 644; State v. Griffin (Dec. 18, 2000), Cuyahoga App. No. 77539, unreported, 2000 Ohio App. Lexis 5957. The court, nonetheless, discussed the facts of the underlying offense along with the alleged facts of the offenses reportedly committed in Summit County as ascertained from the police statements. While the trial court did not find it acceptable, and rightfully so, to rely on these statements as evidence that appellant was convicted of these offenses, it likewise should not have relied on this information in finding that it supports a manipulative pattern of abuse as is relevant to R.C. 2950.09(B)(2)(h) because no nexus has been shown that these offenses were offenses for which appellant has been convicted. Even if it had done so, there was no showing that the nature of appellant's conduct supports the likelihood that he will re-offend in the future.
Our decision today should not be viewed as condoning appellant's conduct in the underlying offense or in any other offense that he may have committed. Under a proper showing, appellant may indeed fit the classification of a sexual predator. To allow a sexual offender classification hearing, however, to be conducted in the manner in which it was conducted in this case would be to make the hearing merely perfunctory in nature, which would deny the defendant the rights guaranteed him under the statute. Id. citing State v. Gowdy (2000),88 Ohio St.3d 387, 398. It must be remembered, however, that R.C. Chapter 2950 is not meant to punish a defendant, but rather, to protect the safety and general welfare of the people of this state. State v. Eppinger, 91 Ohio St.3d at 165. It is the state who has the burden of proving by clear and convincing evidence that appellant is likely to re-offend in the future. State v. Williams (2000), 88 Ohio St.3d 513,533. This burden was not met in this case. Absent such proof, appellant's classification as a sexual predator cannot stand.
Accordingly, appellant's second assignment of error is well taken and is sustained.
 II.
Due to our disposition of appellant's second assignment of error, we need not address appellant's remaining assignments of error. See App.R. 12(A)(1)(c).
The judgment of the trial court classifying appellant as a sexual predator is vacated.
It is, therefore, ordered that appellant recover of appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ TIMOTHY E. McMONAGLE, P.J.:
JAMES J. SWEENEY, J., CONCURS; and COLLEEN CONWAY COONEY, J., CONCURS WITH CONCURRING OPINION.